EDWARD CLEGG V. THE STATE.

No. 23984. Delivered March 31, 1948.
Rehearing Denied April 21, 1948.

*R. H. Dent*, of Hemphill, for appellant.

*L. E. King*, County Attorney, Sabine County, of Hemphill, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of $50.00 fine and thirty days in jail on a charge of aggravated assault.

We observe that appellant's appeal bond recites that he came into open court with his sureties and they "acknowledged themselves severally indebted to the State of Texas" in the sum specified. It is further noted that this is dated several days after the adjournment of court. The bond is approved by both the sheriff

and the county judge, as required by the law. While the ordinary language of a bond is not used, and it might have been construed as a recognizance if actual appearance was made in court as recited, it nevertheless contains the necessary requisite for an appeal bond and will be so construed. As such it was properly filed after the expiration of the term of court, and is sufficient to bring the case to this Court.

We find in the record what purports to be a statement of facts, together with two bills of exception. The statement of facts, however, is included in the transcript and the State's Attorney has invoked the provision of Article 760, Vernon's Ann. C. C. P., by reason of which we are not in position to consider the statement of facts. Without such consideration we are unable to appraise the bills of exception and nothing is before us for our consideration.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant insists that the complaint and information are insufficient to charge the offense of an aggravated assault. We are unable to agree with his contention. Art. 1147, P. C., provides that an assault becomes aggravated when committed with premeditated design, and by the use of means calculated to inflict great bodily injury. The complaint and information charge that Edward Clegg did then and there unlawfully, in the County and State aforesaid, with premeditated design, and by the use of means calculated to inflict great bodily injury, to-wit: by the use and means of throwing beer bottles at W. T. Ferguson commit an aggravated assault upon the said W. T. Ferguson. This is sufficient to meet the requirements of the law.

He also contends that the record reflects that fundamental error was committed in procedural matters. We have examined the record but find no such error disclosed in the record.

The motion for rehearing in overruled.

Opinion approved by the Court.